UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 16-5364 DSF (PLAx)<br>CV 16-5367 DSF (PLAx)<br>CV 16-5368 DSF (PLAx)<br>CV 16-5369 DSF (PLAx)<br>CV 16-5370 DSF (PLAx)<br>CV 16-5374 DSF (PLAx)<br>CV 16-5375 DSF (PLAx)<br>CV 16-5378 DSF (PLAx) | Date | 12/12/16 |
|---|---|---|---|
| Title | United States v. Any Rights to Profits, Royalties and Distribution Proceeds Owned by or Owed to JW Nile (BVI) Ltd., etc.<br>(and related cases) | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Intervene; Order DENYING Ex Parte Application for Extension of Time to File Claim (Dkt. Nos. 34, 35)

The motions to intervene are DENIED because the proposed intervenors are claimants and are already participants in the above captioned cases.[1]

---

[1] To the degree that the motions to intervene may be renewed at a later date if the proposed intervenors' claims are stricken, the Court notes that there is a substantial question of subject matter jurisdiction over the proposed complaints in intervention. The Court would almost certainly decline jurisdiction over the claim for declaratory relief for the reasons stated in the government's opposition, among others. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."). The Court seriously questions whether the other proposed claim – for replacement of the trustees under Cayman or New Zealand law – concerns the same nucleus of operative fact as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The ex parte applications to extend time for certain non-appearing holding companies to submit claims are DENIED. A court "should only exercise its discretion to grant additional time [to file a claim in a forfeiture action] where the goals underlying the time restriction and the verification requirement are not thwarted." United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir. 1985). "The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." Id. The moving parties admit that they have no direct control over the holding companies. In fact, the whole point of the applications for extension of time and the accompanying intervention motions is to be able to remove the current trustees who control those companies and allegedly refuse to file claims[2] and replace them with people or entities who, for reasons undisclosed, movants believe will file claims. But movants have no standing to request an extension on behalf of companies they do not control. Nor would such an extension support the goals of the time restrictions in the forfeiture statute and rules because the whole point of the requested extension is to engineer a transfer of the various *res* in the midst of the forfeiture actions in order to protect individuals who admit that they may not have standing to appear and contest the forfeitures.

IT IS SO ORDERED.

---

the government's claims for forfeiture. And even if it did concern the same nucleus of operative fact, the Court would likely decline supplemental jurisdiction because those claims under foreign law would likely substantially predominate over the forfeiture claim, 28 U.S.C. § 1367(c)(2), and also raise other compelling reasons to decline jurisdiction, 28 U.S.C. § 1367(c)(4).

If the motions to intervene are renewed, the parties should also address whether an "interest in the defendant property" as set forth in Rule G is coextensive with "an interest relating to the property . . . that is the subject of the action" as set forth in Rule 24(a)(2).

[2] As the government notes, the Court is given no testimony – or even unsworn representations – from the trustee itself. The only information in the record about the trustee's acts, motivations, and intentions comes from statements of counsel for the movants.