M. KENDALL DAY, Chief
Asset Forfeiture and Money Laundering Section (AFMLS)
MARY BUTLER
Chief, International Unit
WOO S. LEE, Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 514-1263
   Email:  Woo.Lee@usdoj.gov

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
   312 North Spring Street, 14th Floor
   Los Angeles, California 90012
   Telephone: (213) 894-3391/(213) 894-4493
   Facsimile: (213) 894-7177
   Email: John.Kucera@usdoj.gov
       Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>ANY RIGHTS TO PROFITS, ROYALTIES AND DISTRIBUTION PROCEEDS OWNED BY OR OWED TO JW NILE (BVI) LTD. ET AL.<br>              Defendant. | No. CV 16-05364-DSF (PLAx)<br><br>**ORDER** |

Pursuant to the stipulation and request of the United States and EMI Music Publishing Management LLC ("EMI"), and good cause appearing therefore, IT IS ORDERED that the *Ex Parte* Application seeking a restraining order related to the Defendant In Rem filed on or about July 20, 2016, is withdrawn:

IT IS FURTHER ORDERED THAT:

1. EMI shall cause any and all EMI dividends held by or in the control of EMI, and owed to JW Nile (BVI), Ltd.; JCL Media (EMI Publishing Ltd.); and/or Jynwel Capital Ltd. (collectively, the "Subject Entities") arising from the Subject Entities' interest in DH Publishing L.P. and its subsidiaries (the "Restrained Property"), to be deposited in an escrow account to be agreed upon by EMI and the United States pending further agreement or order of the court.

2. EMI shall not borrow against or otherwise encumber any of the Restrained Property in any manner or, except as provided in Paragraph 1, cause the Restrained Property to be transferred, sold, assigned or disposed of in any manner.

3. The United States Marshals Service ("USMS") is hereby appointed the Monitor of the Restrained Property, and all accounts associated with the same. EMI shall allow the United States to monitor its compliance with this Order by all lawful means available, including permitting the United States upon reasonable notice to review the accounting, books and records of EMI relating to the Restrained Property.

///

///

    4. The United States shall have the right to conduct an appraisal of the Restrained Property using procedures to be agreed upon by the parties.

Dated: 12/22/16

_____
United States District Judge

PRESENTED BY:

M. Kendall Day, Chief
Asset Forfeiture & Money Laundering Section
United States Department of Justice
Woo S. Lee
Kyle Freeny
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington D.C. 20005
Tel.:  (202) 598-2249

EILEEN DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


___/s/Woo S. Lee_____
John J. Kucera
Christen Sproule
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA