# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| Plaintiff, | ) ) ) | **SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF UNITED STATES OF AMERICA** |
| v. | ) ) | |
| DEFENDANT ASSET, | ) ) | |
| Defendant. | ) ) | **Response Due: [TBD], 2017** |
| _____ | ) ) ) ) | |

**PROPOUNDING PARTY: CLAIMANT**

**RESPONDING PARTY: PLAINTIFF UNITED STATES OF AMERICA**

**SET NO.: TWO**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 34(a), Claimant, by and through its undersigned counsel, hereby request that Plaintiff United States of America ("Plaintiff") produce the documents requested herein, in accordance with all applicable Rules and the Definitions and Instructions set forth below, within thirty (30) days of service of these Requests.

Plaintiff is required to produce the requested documents for inspection or copying on or before [TBD], 2017, at 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067.   In lieu of making a personal appearance on the production date, Plaintiff may append copies of the requested documents to its response to Claimants' Request for Production of Documents.

Pursuant to Rule 34(b)(2)(e) of the Federal Rules of Civil Procedure, Plaintiff is obligated to produce responsive documents and electronically stored information as they are kept in the usual course of business and organize and label the documents to correspond to the categories in the request. Each of the following requests for documents is continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Accordingly, if after producing any documents, Plaintiff, or anyone acting on Plaintiff's behalf, obtains or becomes aware of additional information or documents pertaining to any request herein, Plaintiff is requested to produce such information or documents.

## DEFINITIONS

1. The term "Action" refers to this action, captioned [TBD].

2. The term "Complaint" means the Verified Amended Complaint for Forfeiture In Rem filed by Plaintiff on [DATE] in the above-captioned Action.

3. The terms "Plaintiff," and "You" or "Your" means the United States of America in any capacity, including, but not limited to, the Department of State, the Department of the Treasury, the Department of Justice, the Asset Forfeiture and Money Laundering Section of the Criminal Division of the Department of Justice, the U.S. Attorney's Office, the Federal Bureau of Investigation, and any of its employees, agents, attorneys, representatives, investigators, accountants, analysts and all other persons acting for or on behalf of Plaintiff or possessing documents or information for or on behalf of Plaintiff.

4. The term "Defendant Asset" means the asset identified as such in the Amended Complaint in this matter.

5. The term "Subject Assets" means the assets identified in paragraph 4 of the Amended Complaint.

6. The terms "Document" or "Documents" have the broadest meaning accorded under the Federal Rules of Civil Procedure , and include all written, printed, typed, reported, recorded, pictorial, or graphic matter, however produced or reproduced, now or at the time of possession, custody, or control, including all letters, telegrams, telexes, e-mail transmission, cables, telephone records, notations, invoices, ledgers, Communications (defined below), journals, formal and informal books of record and account, logs, studies, summaries, minutes, agendas, bulletins, notices, announcements, charts, manuals, models, graphs, instructions, financial statements, photographs, videotapes, microfilm, other film or tapes, reports, brochures, publications, books, memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, proposed contracts or agreements (whether or not actually consummated), computer data, computer printouts, interoffice memos, computer programs, computer software, tape recordings, transcriptions, drafts of the foregoing items, articles of newspapers, magazines, and other publications, purchase orders, lists, proposals, invoices, plans, specifications, addenda, statements, receipts, confirmation slips, evidence of payments, bills, diaries, calendars, Day Timers, time records, bills of lading, cancelled checks (both sides), audiotapes, and copies, reproductions, translations and original language

versions of the foregoing upon which notations in writing have been made which do not appear in the originals.

7. The terms "Communication" or "Communications" mean, without limitation, every manner of transmitting, transferring, exchanging, or sharing information, facts, or thoughts in any form, whether orally, in writing, or otherwise, by any means whatsoever, including by oral communication, face-to-face meeting, memorandum, letter, note, mail, telephone, facsimile transmission, telecopy, e-mail, text, SMS or any form of instant messaging available on any electronic device including through WhatsApp or any other messaging software or application.

8. The term "bank records" means, but is not limited to, original signature cards; document of account opening; documentation concerning account holders; account ledger cards; periodic account statements; records of all items deposited, withdrawn or transferred; records of wire transfers, including all instructions; authorizations, documents of dates, places, persons receiving the funds, and amount of monies transferred in or out; bank check purchases; documents supporting the purposes of a transaction; and information regarding the contents of any safe deposit box opened in the name of or for the benefit of the account holder.

9. The terms "Representative" or "Representatives" mean, without limitation, directors, officers, officials, agents, employees, partners, shareholders, members, servants, contractors, subcontractors, parent companies, subsidiaries, affiliates, attorneys, and any other persons or entities acting on behalf of a person.

10. The terms "Person" or "Persons" mean, without limitation, any natural person, corporation, partnership, proprietorship, group, association, organization, firm, enterprise, contractor, business entity, governmental body, or agency, as well as any division, subdivision, bureau, office, or other unit thereof, or any representative of the foregoing.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the request's scope.

12. For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

13. Reference to any Person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency,

representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

14.     Reference to any Person or entity that is not otherwise defined shall have the same meaning as that ascribed to that Person or entity in the Complaint.

## INSTRUCTIONS

1.      Unless otherwise noted, the time period covered by this request shall be January 1, 2009 through and including the date of Plaintiff's response.

2.      This request calls for the production of all responsive documents in Your possession, custody, or control, or in the possession, custody, or control of Your employees, accountants, attorneys, agents, or all other Representatives acting on Your behalf, without regard to the physical location of such documents. Without limiting the term "control," a document is deemed to be within one's control if that person or entity has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof.

3.      In responding to this request, include documents obtained on Your behalf by Your counsel, employees, experts, agents, or any other persons acting on Your behalf.

4.      All requested documents shall be produced as they are kept in the regular course of business or shall be organized and labeled to correspond to the categories in this request.

5.      All requested documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container.

6.      To the extent You are producing any electronic or computerized Documents in response to the Requests herein, including but not limited to videos and PowerPoint presentations, such Documents should be produced in their native format with all metadata intact.

7.      Each page of the documents produced in response to this request should be marked with a unique document identification Bates number.

8.      Any reference to a person that is not an individual (including a corporation, limited liability company, proprietorship, group, association, organization, business entity, partnership, trust, limited partnership ,or any other artificial or non-natural entity) shall also include a reference to such person's current and former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, operating units, partners, managers, principals, directors, officers, members, shareholders, employees, agents, officials, trustees, beneficiaries, administrators, representatives, associates, consultants, contractors, subcontractors, brokers, attorneys, advisors,

accountants, consulting actuaries, and all persons and entities acting or purporting to act on such person's behalf, unless the context provides otherwise.

9. If any document is withheld, in whole or in part, for any reason, including a claim of privilege or because the information withheld would reveal , whether work-product or attorney-client or other, set forth separately with respect to each such document:

(a) the nature of the privilege claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the authors of the document; and

(f) such other information as is sufficient to enable an assessment of the applicability of the privilege or protection claimed.

10. To the extent a document subject to an assertion of privilege, a work product claim, or other objection contains any responsive information not subject to such assertion or objection, the information must be produced.

11. For each document responsive to this request withheld in part for any reason, including the assertion of privilege, a work product claim, or other objection, indicate the portion of the document so withheld by stamping the words "MATERIAL REDACTED" on the document at an appropriate location on the document that does not obscure the remaining text.

12. To the extent that there are no documents responsive to a particular request, you shall state so in writing.

## REQUESTS FOR PRODUCTION

1. The Documents and/or Communications specifically identified in the Complaint in the following Paragraphs: 40, 41, 42, 44, 46, 49, 50, 51, 52, 53, 56, 57, 60, 64, 66, 70, 71, 73, 74, 76, 77, 78, 79, 80, 81, 82, 83, 84, 88, 89, 93, 98, 102, 104, 106, 107, 109, 110, 128, 132, 133, 134, 136, 142, 144, 145, 146, 149, 153, 154, 161, 168, 169, 171, 172, 173, 177, 178, 180, 183, 184, 187, 190, 203, 204, 208, 209, 210, 212, 214, 218, 224, 244, 264, 265, 266, 267, 271, 272, 301, 306, 307, 308, 318, 319, 327, 328, 329, 330, 333, 334, 335, 343, 344, 350, 351, 352, 354, 357, 358, 359, 360, 361, 362, 365, 366, 368, 372, 383, 385, 386, 393, 394, 396, 397, 398, 402, 407, 409, 410, 412, 413, 415, 416, 418, 424, 425, 426, 428, 433, 441, 452, 453, 455, 456, 459, 460, 467, 468, 470, 471, 472, 483, 484, 485, 486, 491, 492, 558, 589, 599, 609, 610, 611, 619, 620,

621, 622, 623, 627, 628, 629, 634, 636, 646, 647, 684, 686, 692, 695, 696, 701, 705, 706, 712, 716, 717, 718, 719, 721, 722, 725, 726, 728, 749, 750, 762, 763, 766, 771, 772, 773, 774, 775, 782, 784, 785, 792, 820, 840, 841, 842, 843, 848, 849, 851, 852, 853, 854, 855, 860, 865, 866, 867, 868, 869, 871, 872, 881, 890, 891, 892, 900, 903, 904, 909, 913, 915, 919, 920, 928, 941.

2. The bank records in Your possession for the following accounts:

(a) The account at BSI Bank in Switzerland held in the name of Aabar-BVI, as referenced in Paragraph 24 of the Complaint.

(b) The account at UBS AG in Singapore maintained by Aabar-Seychelles, as referenced in Paragraph 24 of the Complaint.

(c) The account at RBS Coutts Bank in Zurich held in the name of Good Star Limited, as referenced in Paragraph 45 of the Complaint.

(d) The account at J.P. Morgan (Suisse) maintained by the 1MDB-PetroSaudi Joint Venture, as referenced in Paragraph 60 of the Complaint.

(e) The account at J.P. Morgan (Suisse) opened by PetroSaudi in June 2009, as referenced in Paragraph 62(c) of the Complaint.

(f) The account at Riyad Bank held in the name of two Saudi nationals, as referenced in Paragraph 112 of the Complaint.

(g) The account at AmBank, "whose beneficiary is listed as 'AMPRIVATE BANKING-MR,'" as referenced in Paragraph 115 of the Complaint.

(h) The account at Standard Chartered Bank in Singapore held in the name of Alsen Chance Holdings Limited, as referenced in Paragraph 118 of the Complaint.

(i) The account at BSI Bank in Lugano held in the name of Totality Ltd., as referenced in Paragraph 119 of the Complaint.

(j) The account at BSI Bank held in the name of Abu Dhabi Kuwait Malaysia Investment Corp., as referenced in Paragraph 127 of the Complaint.

(k) The account at BSI Bank in Singapore opened by Brazen Sky, as referenced in Paragraph 139 of the Complaint.

(l) The account at Falcon Private Bank Limited held by 1MDB Energy Limited, as referenced in Paragraph 191 of the Complaint.

(m) The account at Falcon Bank held by 1MDB Energy (Langat) Limited, as referenced in Paragraph 196 of the Complaint.

(n) The account at Standard Chartered Bank in Singapore held in the name of Blackstone Asia Real Estate Partners, and originally opened in the name of Foreign FX Trading Limited, as referenced in Paragraphs 227 and 228 of the Complaint.

(o) The account at ING Bank N.V. in Amsterdam belonging to Enterprise Emerging Markets Fund, as referenced in Paragraph 233 of the Complaint.

(p) The account at ING Bank N.V. in Amsterdam belonging to Cistenique Investment Fund, as referenced in Paragraph 233 of the Complaint.

(q) The account at Bank Privee Edmond de Rothschild in Luxembourg maintained in the name of Vasco Investments Services SA, as referenced in Paragraph 241 of the Complaint.

(r) The account at BHF Bank in Frankfurt held in the name of Rayan, Inc., as referenced in Paragraph 247 of the Complaint.

(s) The account at Bank of America in Texas held in the name of MB Consulting LLC, as referenced in Paragraph 250 of the Complaint.

(t) The account at Falcon Bank in Zurich maintained in the name of River Dee International SA, as referenced in Paragraph 257 of the Complaint.

(u) The account at BSI Bank Singapore held in the name of Red Granite Capital Limited, as referenced in Paragraph 263 of the Complaint.

(v) The account at Falcon Bank in Singapore bank held by Tanore Finance Corporation, as referenced in Paragraph 311 of the Complaint.

(w) The account at Falcon Bank in Singapore opened in the name of Granton Property Holdings Limited, as referenced in Paragraph 311 of the Complaint.

(x) The account at BSI Lugano held in the name of 1MDB Global as referenced in Paragraph 314 of the Complaint.

(y) The Devonshire Capital Growth Fund account at BSI Lugano as referenced in Paragraph 330 of the Complaint.

(z) The account at AmBank "held in the name of AMPRIVATE BANKING-MY," as referenced in Paragraph 345 of the Complaint.

(aa) The account at Christie's Auction House held in the name of Tanore Finance Corporation (account number XXX7644), as referenced in Paragraph 350 of the Complaint.

(bb) The account at DBS Bank Ltd. in Singapore held in the name of Affinity Equity International Partners Limited as referenced in Paragraph 396 of the Complaint.

(cc) The account at BSI Bank in Singapore held in the name of Alpha Synergy Limited as referenced in Paragraph 398 of the Complaint.

(dd) The account held in the name of Blackrock Commodities (Global) Limited as referenced in Paragraph 403 of the Complaint.

(ee) The account at Amicorp Bank & Trust in Barbados held in the name of Lambasa Global Opportunity Fund as referenced in Paragraph 439 of the Complaint.

(ff) The account at Amicorp held in the name of Bridge Global Partners as referenced in Paragraph 440 of the Complaint.

(gg) The Universal Ventures Fund as referenced in Paragraph 448 of the Complaint.

(hh) 1MDB's account at AmBank, as referenced in Paragraph 450 of the Complaint.

(ii) The account at Bank of Oklahoma held in the name of Crowe and Dunleavy Aircraft Escrow 1, as referenced in Paragraph 513 of the Complaint.

(jj) The account at BSI Bank held in the name of Low Hock Peng, a/k/a/ Larry Low, as referenced in Paragraph 520 of the Complaint.

(kk) The Low BSI Account as referenced in Paragraph 530 of the Complaint.

(ll) The account at Rothschild Bank AG in Switzerland held in the name of Selune Ltd., as referenced in Paragraph 531 of the Complaint.

(mm) The account at Bank of America held in the name of Chicago Title Company, as referenced in Paragraph 532 of the Complaint.

(nn) Jynwel Account A, as referenced in Paragraph 554 of the Complaint.

(oo) Jynwel Account B, as referenced in Paragraph 554 of the Complaint.

(pp) The "RGP Operating Account" at City National Bank in Los Angeles for Red Granite Pictures, as referenced in Paragraph 562 of the Complaint.

(qq) The "RGP Pictures Account" at City National Bank Account held in the name of Red Granite Pictures, as referenced in Paragraph 564 of the Complaint.

(rr) The City National Bank Account held in the name of TWOWS LLC, as referenced in Paragraph 564 of the Complaint.

(ss) The City National Bank Account held in the name of TWOWS LLC, as referenced in Paragraph 566 of the Complaint.

(tt) The account at RBS Coutts in Switzerland held in the name of Dragon Market Limited, as referenced in Paragraph 580 of the Complaint.

(uu) The account at BSI Bank in Singapore held in the name of Dragon Dynasty Limited, as referenced in Paragraph 582 of the Complaint.

(vv) The account at BSI Bank belonging to Low Taek Szen, as referenced in Paragraph 587 of the Complaint.

(ww) The account at J.P. Morgan Chase maintained by Commonwealth Land and Title Insurance Company, as referenced in Paragraph 597 of the Complaint.

(xx) The account at Amicorp Bank and Trust in Hong Kong held in the name of Low Taek Jho, as referenced in Paragraph 603 of the Complaint.

(yy) The account at M&T Bank held by the Park Lane Partnership, as referenced in Paragraph 603 of the Complaint.

(zz) The Christie's account at J.P. Morgan referenced in Paragraph 617 of the Complaint.

(aaa) The account at Caledonia Bank Ltd. in the Cayman Islands held in the name of Triple Eight Ltd., as referenced in Paragraph 623 of the Complaint.

(bbb) The account at J.P. Morgan Chase held in the name of SNS Fine Arts, as referenced in Paragraph 633 of the Complaint.

(ccc) The escrow account at USB Bank, S.A. in Switzerland, as referenced in Paragraph 647 of the Complaint.

(ddd) The account at Banque Federale de Commerce, S.A. in Comoros, as referenced in Paragraph 648 of the Complaint.

(eee) The account at Falcon Bank in Zurich held in the name of Qubaisi, as referenced in Paragraph 661 of the Complaint.

(fff) The account at Chase Manhattan Bank held in the name of Escrow of the West, as referenced in Paragraph 661 of the Complaint.

(ggg) The account at City National Bank held in the name of Escrow of the West, as referenced in Paragraph 662 of the Complaint.

(hhh) The account at First America Trust, F.F.B. in the United States held in the name of First American Title Company, as referenced in Paragraph 666 of the Complaint.

(iii) The account at BSI Bank in Singapore held in the name of SRG as referenced in Paragraph 692 of the Complaint.

(jjj) The account at BSI Bank in Singapore held in the name of Condor Acquisition (Cayman) Limited as referenced in Paragraph 693 of the Complaint.

(kkk) The account at Caledonian Bank in the Cayman Islands maintained in the name of World View Ltd. as referenced in Paragraph 704 of the Complaint.

(lll) The account at Rothschild Bank held by Lygon Place (London) Limited as referenced in Paragraph 743 of the Complaint.

(mmm) The account at J.P. Morgan (Suisse) held in the name of Obaid as referenced in Paragraph 752 of the Complaint.

(nnn) The account at JP Morgan Chase Bank in the name of Electrum Global as referenced in Paragraph 787 of the Complaint.

(ooo) The account at Falcon Bank in Singapore held in the name of Midhurst Trading Limited as referenced in Paragraph 859 of the Complaint.

(ppp) The account at Bank of East Asia in Hong Kong held in the name of World Merit Management Ltd. as referenced in Paragraph 870 of the Complaint.

(qqq) The account held in the name of Aabar International Investments Ltd. as referenced in Paragraph 875 of the Complaint.

(rrr) The account at BSI Bank in Singapore held in the name of SRC International (Malaysia) Ltd. as referenced in Paragraph 877 of the Complaint.

(sss) The account at Amicorp held in the name of Aabar Investments International Partners Ltd. as referenced in Paragraph 894 of the Complaint.

(ttt) The account at Amicorp held in the name of Vista Equity International Partners Ltd. as referenced in Paragraph 895 of the Complaint.

(uuu) The account at AmiCorp Bank held in the name of TKIL Capital Partners, as referenced in Paragraph 896 of the Complaint.

(vvv) The Platinum Global Luxury Services account as referenced in Paragraph 926 of the Complaint.

(www) The Pacific Harbor Global Growth Fund Ltd. account as referenced in Paragraph 933 of the Complaint.

3. All notices, including but not limited to 18 U.S.C. § 983 notices, notices of seizure, notices of lis pendens, notices of action, and notices by publication, issued by Plaintiff regarding

the Defendant Asset or any Subject Asset, including documents sufficient to identify all individuals or entities that were sent such notices.

DATE: August 28, 2017                                       Respectfully Submitted,


                                                            Claimant