DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney
BARBARA LEVY, Trial Attorney
Criminal Division
United States Department of Justice
  1400 New York Avenue, N.W., 10th Floor
  Washington, D.C. 20530
  Telephone: (202) 514-1263
  Email: Woo.Lee@usdoj.gov

NICOLA T. HANNA
United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
MICHAEL R. SEW HOY (CBN: 243391)
Assistant United States Attorneys
Asset Forfeiture Section
  312 North Spring Street, 14th Floor
  Los Angeles, California 90012
  Telephone: (213) 894-3391/(213) 894-3314
  Facsimile: (213) 894-0142
  Email: John.Kucera@usdoj.gov
       Michael.R.Sew.Hoy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 16-5364-DSF (PLAx) |
| Plaintiff, | |
| v. | **STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE** |
| ANY RIGHTS TO PROFITS, ROYALTIES AND DISTRIBUTION PROCEEDS OWNED BY OR OWED RELATING TO EMI MUSIC PUBLISHING GROUP, | [The [PROPOSED] Consent Judgment of Forfeiture Lodged Contemporaneously Herewith Is Dispositive of This Action] |
| Defendant. | |

JW NILE (BVI) LTD.,

                    Claimant.

## I.      INTRODUCTION

1.      By the signatures of their counsel hereunder, Plaintiff United States of America ("United States" or "the government"); FFP (Cayman) Limited, FFP Trustee (NZ) Limited, and FFP (Directors) Limited, FFP (Corporate Services) Limited (collectively, "FFP"); the FFP-controlled claimants identified below, including the Claimant herein, JW Nile (BVI) Ltd. (together collectively with "FFP," the "Claimant Entities"); and beneficiaries Low Hock Peng, Goh Gaik Ewe, Low May Lin, Low Taek Szen, and Low Taek Jho (collectively, the "Low Family"), respectfully request that the Court enter the [PROPOSED] Consent Judgment of Forfeiture (the "[Proposed] Consent Judgment") lodged contemporaneously herewith, to carry into effect the terms of this stipulation (the "Stipulation"), which is dispositive of this action.

## II.      PROCEDURAL HISTORY

### A.    The Related Forfeiture Cases

2.      During 2016 and 2017, the government commenced thirty related civil forfeiture cases in the Central District of California (the "Actions") against a wide variety of real and personal property defendants located in the United States and abroad (the "Defendant Assets")[1], as set forth in further detail below.

---

[1] The Defendant Assets are either the *res* or the proceeds of the interlocutory sale of the *res* ("substitute *res*") as identified in further detail in the legal descriptions provided in the operative Verified Complaints of Forfeiture filed in the cases listed in Section II.B below, and this Stipulation incorporates those descriptions by reference. The Defendant Assets are owned either personally by members of the Low Family and/or by the Claimant Entities. FFP directly owns and/or controls each of the Claimant Entities either through a trust structure and/or shareholding(s) and/or directorship(s).

1          a.    The United States initiated this civil forfeiture action on July 20,

2    2016.  (Docket Number ("DN") 1).  A First Amended Complaint ("FAC") was filed on

3    August 4, 2017.  (DN 140).  Notice was given and published according to law.  On

4    October 31, 2016, Low Hock Peng, Goh Gaik Ewe, Low Taek Szen and Low May Lin

5    filed a verified claim (DN 36), which claim was subsequently withdrawn on May 9,

6    2017.  (DN 129).  On December 22, 2016, EMI Music Publishing Management, LLC

7    ("EMI") filed a verified claim in response to the Complaint (DN 80) and, on October 3,

8    2017, a verified claim in response to the FAC.  (DN 150).  EMI thereafter filed an

9    answer to the FAC on October 24, 2017.  (DN 156).  On April 4, 2019, EMI withdrew

10   its claims and answer.  (DN 177).

11         b.    Pursuant to this Court's Order of March 21, 2017 (DN 122), claims

12   were filed on March 24, 2017 by Claimant JW Nile (BVI) Ltd. (DN 126, in response to

13   the Complaint) and October 11, 2017 (DN 152, in response to the FAC).  On October 30,

14   2018, this Court entered an Order resolving all interests of EMI, and authorizing an

15   interlocutory sale of the defendant asset.  (DN 172).  Said sale resulted in net proceeds of

16   $415,055,702.34, which proceeds are currently in the custody of the United States

17   Marshals Service as a substitute res.  (DN 173).  JW Nile (BVI) Ltd. remains the sole

18   claimant in this action, and the time for filing claims and answers has expired.

19       3.    The government, FFP, the Claimant Entities, and the Low Family, which

20   for the avoidance of doubt includes, collectively and individually, each of their

21   predecessors, assigns, subsidiaries, parent companies, and affiliated entities (the

22   "Parties"), have executed this Stipulation in order to reach a global, comprehensive

23   agreement that forever resolves in their entirety the competing interests of the Parties in

24   the Actions listed below.[2]

25       4.    This Stipulation does not constitute an admission of guilt, fault, liability

26   and/or any form of wrongdoing on the part of FFP, the Claimant Entities, or the Low

27   

28       [2] However, it is not necessarily dispositive of all of the Actions, as others not
parties to this Stipulation are claimants in some of the Actions, as noted.

Family. Furthermore, upon entry of the [Proposed] Consent Judgment, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, acknowledge and agree that they shall be bound by the terms of the Consent Judgment and the doctrines of *res judicata* and collateral estoppel.  The entry of the [Proposed] Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Defendant Assets as they relate to FFP, the Claimant Entities, or members of the Low Family, arising from any acts or omissions alleged in the Actions, or any of them.  Nothing in this Stipulation constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Assets.

5.     A Stipulation essentially identical to this one is being filed in each of the Actions, and the extent to which the [Proposed] Consent Judgment in each Action will result in the disposition of the case is explained in each specific Stipulation and [Proposed] Consent Judgment. For the avoidance of doubt, where a Defendant Asset is subject to an order for interlocutory sale (the "Order(s) for Interlocutory Sale"), such order shall govern that interlocutory sale, and neither this Stipulation nor the [Proposed] Consent Judgement, once entered, shall abrogate or nullify the sales terms and procedures defined by an Order for Interlocutory Sale, or any underlying contracts or agreements entered into to effectuate those sales terms and procedures, unless otherwise agreed to in writing by the Parties.

### B.     The Cases and Claims to Be Resolved

6.     The Parties seek entry of [Proposed] Consent Judgments in each of the following Actions that will be case-dispositive due to the lack of presence of other claimants:

a.     *United States v. One Bombardier Global 5000 Jet Aircraft, Bearing Manufacturer's Serial Number 9265 and Registration Number N689WM, its Tools and Appurtenances, and Aircraft Logbooks*, CV 16-5367 DSF (PLAx) ("Bombardier Jet

4

Action"). The FFP-controlled claimant in this action is Global One Aviation (Global 5000) Ltd.

b.     *United States v. Real Property Located in New York, New York,* CV 16-5374 DSF (PLAx) ("Columbus Action"). The FFP-controlled claimant in this action is 80 Columbus Circle (NYC) LLC.

c.     *United States v. Real Property Located in New York, New York,* CV 16-5375 DSF (PLAx) ("Greene Action"). The FFP-controlled claimant in this action is 118 Greene Street (NYC) LLC.

d.     *United States v. Real Property Located in Los Angeles, California*, CV 16-5378 DSF (PLAx) ("Oriole Action"). The FFP-controlled claimant in this action is Oriole Drive (LA) LLC.

e.     *United States v. Real Property in London, United Kingdom, owned by Stratton Street (London) Ltd.,* CV 17-4240 DSF (PLAx) ("Stratton Action"). The FFP-controlled claimant in this action is Stratton Street (London) Limited.

f.     *United States v. Real Property in London, United Kingdom, owned by Seven Stratton Street (London) Ltd.,* CV 17-4242 DSF (PLAx) ("Seven Stratton Action"). The FFP-controlled claimant in this action is Seven Stratton Street (London) Ltd.

g.     *United States v. Real Property in London, United Kingdom owned by Eight Nine Stratton Street (London) Ltd.,* CV 17-4244 DSF (PLAx) ("Eight Nine Stratton Action"). The FFP-controlled claimant in this action is Eight Nine Stratton Street (London) Ltd.

h.     *United States v. Certain Rights and Interests in the Electrum Group,* CV 17-4447 DSF (PLAx) ("Electrum Action"). The FFP-controlled claimant in this action is JW Aurum (Cayman) GP Ltd.

i.     *United States v. All Rights to and Interests in the Shares of Flywheel Common Stock Held or Acquired by FW Sports Investments LLC,* CV 17-4448 DSF

(PLAx) ("Flywheel Action"). The FFP-controlled claimant in this action is FW Sports Investments LLC.

j. *United States v. Any Rights to Profits, Royalties and Distribution Proceeds Owned by or Owed to JW Nile (BVI) Ltd., JCL Media (EMI Publishing Ltd), and/or Jynwel Capital Ltd, Relating to EMI Music Publishing Group North America Holdings, Inc., and D.H. Publishing L.P.,* CV 16-5364 DSF (PLAx) ("EMI Publishing Action"). The FFP-controlled claimant in this action is JW Nile (BVI) Ltd.

7. The Parties seek entry of [Proposed] Consent Judgments in each of the following Actions that will resolve all claims of FFP, the Claimant Entities, and members of the Low Family, but which will not be case-dispositive due to the presence of other claimants not party to this Stipulation:

a. *United States v. The Real Property Known as The Viceroy L'Ermitage Beverly Hills,* CV 16-5368 DSF (PLAx) ("L'Ermitage Real Property Action"). The FFP-controlled claimant in this action is LBH Real Estate (Beverly Hills) LLC. The claimant not party to this Stipulation in this case is VHG Beverly Hills LLC.

b. *United States v. All Business Assets of The Viceroy L'Ermitage Beverly Hills, Including All Chattels and Intangible Assets, Inventory, Equipment, and All Leases, Rents and Profits Derived Therefrom,* CV 16-5369 DSF (PLAx) ("L'Ermitage Business Assets Action"). The FFP-controlled claimants in this action are LBH Real Estate (Beverly Hills) LLC; JW Hospitality (VHG US) LLC; and JW Hospitality (VHG Intl) Ltd. The claimant not party to this Stipulation in this case is VHG Beverly Hills LLC.

c. *United States v. Certain Rights to and Interests in The Viceroy Hotel Group,* CV 17-4438 DSF (PLAx) ("VHG Action"). The FFP-controlled claimants in this action are JW Hospitality (VHG US) LLC and JW Hospitality (VHG Intl) Ltd. The claimant not party to this Stipulation in this case is Mubadala Development Company PJSC.

8.     The following cases previously have been resolved but are considered part of this global, comprehensive resolution:

a.     *United States v. All Right and Title to the Yacht M/Y Equanimity,* CV 17-4441 DSF (PLAx) ("Equanimity Action"). The FFP-controlled claimants in this action were Equanimity (Cayman) Ltd.; Equanimity Crew (Cayman) Ltd.; Equanimity Lifestyle (Cayman) Ltd.; and Equanimity Operations & Maintenance (Cayman) Ltd. The case was dismissed without prejudice by joint stipulation of the parties.

b.     *United States v. All Right to and Interest in Symphony CP (Park Lane) LLC, Held or Acquired, Directly or Indirectly, by Symphony CP Investments LLC and/or Symphony CP Investments Holdings LLC, Including Any Interest Held or Secured by the Real Property and Appurtenances Located at 36 Central Park South, New York, New York, Known as The Park Lane Hotel, Any Right to Collect and Receive Any Profits and Proceeds Therefrom, and Any Interest Derived From the Proceeds Invested in The Symphony CP (Park Lane) LLC by Symphony CP Investments LLC and Symphony CP (Park Lane) LLC,* CV 16-5370 DSF (PLAx) ("Park Lane Action"). The FFP-controlled claimants in this action were 36 CPS Condos (NYC) LLC; 36 CPS Luxury Hotel (NYC) Limited; 36 CPS Parking (NYC) Limited; and 36 CPS Residential Sales (NYC) Limited. The FFP-controlled claimants withdrew their claims, and a consent judgment of forfeiture was entered by the Court thereafter.

## III.   JURISDICTION AND TERMS

### A.   Jurisdiction

9.     Solely for purposes of this Stipulation and [Proposed] Consent Judgment, the Parties agree that this Court has jurisdiction over the Parties and over the subject matter of the Actions. The Parties further agree that the government has given and published notice of the Actions as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court; and, if taken as true, the allegations set out

in the operative complaints are sufficient to state a claim for forfeiture of the Defendant Assets.

10.    Notwithstanding Paragraph 9 above, the Parties agree that nothing contained in this Stipulation or the [Proposed] Consent Judgment is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by FFP, the Claimant Entities, and/or the Low Family, each of which expressly denies any fault, guilt, liability and/or any form of wrongdoing whatsoever.

**B.    Disposition of Forfeited Defendant Assets and Substitute *Res***

11.    Upon entry of the [Proposed] Consent Judgment, all right, title, and interest of FFP, the Claimant Entities, and the Low Family concerning the Defendant Assets named in the Actions listed in Section II.B above shall immediately be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Stipulation, with the exception of the Defendant Assets in the Stratton Action, the Seven Stratton Action, and the Eight Nine Stratton Action (collectively, the "Stratton Actions"), which shall not be deemed forfeited until February 29, 2020, subject to Paragraph 12, below.

12.    Where a Defendant Asset in the Stratton Actions is sold to a third party in an interlocutory sale prior to February 29, 2020, the proceeds of such sale shall be considered forfeited as the substitute *res* for the Defendant Asset in that Stratton Action on the date the sale is completed.  A sale shall be considered "completed" after (1) the sales proceeds have been released from escrow, and (2) the sales proceeds have been distributed in accordance with the terms of the applicable Order(s) for Interlocutory Sale.

13.    Upon entry of the [Proposed] Consent Judgment, the pre-existing contracts that FFP and/or the Claimant Entities have entered into with third parties in relation to the sale of the Defendant Assets in the Oriole Action, the Greene Action, and the Columbus Action will be terminated, and new contracts with substantially similar material terms executed between the government and those third parties will govern.

14.     Any and all monetary proceeds from income ("Income Proceeds") generated from the operations and business activities of the Defendant Assets in the Greene Action, the Columbus Action, the L'Ermitage Real Property Action, the L'Ermitage Business Assets Action, and the Stratton Actions (collectively the "Income Property Actions"), including but not limited to rental income and/or income from hotel operations, shall be paid to and retained by the government for payments or reimbursement of any taxes or liabilities becoming due on said Income Proceeds prior to forfeiture, from the respective filing dates of each Income Property Action through the date of entry of this Stipulation. For the avoidance of doubt, in no event will the United States be liable for the payment of any tax liabilities that exceed the amount of the Income Proceeds unless pursuant to a separate court order.

## C.     Released Funds

15.     The [Proposed] Consent Judgment provides that in consideration of the government's release of the sum of USD 15,000,000.00, without interest (the "Released Funds"), as described below, FFP, the Claimant Entities, and the Low Family shall forfeit to the government any right, title or interest in the Defendant Assets, except in accordance with the terms of this Stipulation and the [Proposed] Consent Judgment.

16.     The Released Funds shall be drawn from a portion of the funds held in escrow in the instant action ("EMI Proceeds"), and shall be transferred to accounts as directed by Kobre & Kim LLP, The Christie Law Firm LLC, and Lowenstein Sandler LLP, who shall provide any reasonable information required, including personal identifiers required by federal law or regulation to facilitate payment, and complete all documents required to facilitate such payment. The payment of the Released Funds shall be made as soon as reasonably practicable, and in any event before the later of (i) 30 days after the entry of the [Proposed] Consent Judgment in all of the Actions in which a version of this Stipulation is filed; (ii) 30 days after the government's receipt of the information needed to make the payment (including the necessary identifiers and bank

account and routing information); or (iii) 14 days after the granting of the Cayman court petition, as referenced in Paragraph 25.

17.    The Released Funds shall be applied in their entirety solely to pay for the Low Family's outstanding legal fees and costs relating to the Actions. Under no circumstances shall the Released Funds be remitted and/or credited back by counsel, either in whole or in part, directly or indirectly, to FFP, the Claimant Entities, or the Low Family  For the avoidance of doubt, the application, and/or use of the Released Funds as payment of legal fees and costs relating to the Actions listed in Section II.B above, including for use as payment of future legal fees and costs incurred on behalf of the Low Family to implement the Order entered pursuant to this Stipulation, shall not itself be considered a remittance, credit, and/or benefit whatsoever, directly or indirectly, to FFP, the Claimant Entities, or the Low Family. The Parties agree that violation of this term would constitute a material breach of the [Proposed] Consent Judgment and, notwithstanding any other provision of the [Proposed] Consent Judgment, would entitle the government to seek, and this Court to impose, any remedy or sanction authorized by law or equity.

18.    With the exception of the foregoing conditions, and consistent with the doctrines of *res judicata* and collateral estoppel, the entry of the [Proposed] Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Released Funds or any interest earned on the Released Funds as they relate to FFP, the Claimant Entities, or members of the Low Family, arising from any acts or omissions alleged in the Actions, or any of them.

19.    Furthermore, and with the exception of the aforementioned conditions, the government agrees that upon entry of the [Proposed] Consent Judgment, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, shall not now or in the future institute any action against Kobre & Kim LLP, The Christie Law Firm LLC, or Lowenstein Sandler LLP, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released

Funds, or any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds and preceding the date of receipt of the Released Funds.

### D. Other Terms

20. FFP, the Claimant Entities, and the Low Family agree that they will not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial, or criminal judicial -- of any of the Defendant Assets against which forfeiture is sought in connection with the acts alleged in the operative complaints in the Actions. Upon request of the government, FFP, the Claimant Entities, and the Low Family agree to reasonably cooperate with the government in endorsing the effectiveness of this agreement when responding to any claims contesting the forfeiture of the Defendant Assets, including the disposition thereof, and in connection with any disputes relating to the operation and maintenance of the Defendant Assets concerning or during the period prior to the date of this Stipulation.  The Parties further agree to reasonably cooperate to effectuate the forfeiture of additional assets at issue in *United States v. One Pen and Ink Drawing by Vincent Van Gogh, etc., et al.*, CV 16-5366-DSF (PLAx); *United States v. One Painting Entitled "Nature Morte au Crane de Taureau" by Pablo Picasso, et al.*, CV 17-4443-DSF (PLAx); *United States v. One Pair of Diamond Earrings and Matching Diamond Ring*, CV 17-4449-DSF (PLAx); and  *United States v. One 18-Carat White Gold Diamond Jewelry Set; et al*, CV 17-4445-DSF (PLAx).

21. For the avoidance of doubt, the following shall not be a breach of the foregoing clauses: (1) asserting defenses in any actions brought against FFP, the Claimant Entities, or members of the Low Family by third parties seeking to recover any of the Defendant Assets (or any substitute *res*) following the Court's entry of the applicable [Proposed] Consent Judgment; and (2) judicially mandated compliance by FFP, the Claimant Entities, and/or members of the Low Family with valid subpoenas ad testificandum, subpoenas duces tecum, or otherwise lawful compulsion orders. Nothing in this paragraph shall require FFP, the Claimant Entities, or members of the Low

Family to waive attorney-client privilege, the work product doctrine, or any other privilege, immunity, or statutory or constitutional right or protection.

22.     By the signatures of their attorneys hereunder, FFP, the Claimant Entities, and the Low Family release the government, its agencies, agents, officers, and attorneys, including employees and agents of the Federal Bureau of Investigation, Internal Revenue Service, and the Department of Justice, from any and all claims, actions, or liabilities arising out of or related to the seizure and retention of the Defendant Assets and the commencement of the Actions, including any claim for attorneys' fees or costs that may be asserted on behalf of FFP, the Claimant Entities, or the Low Family against the government, whether pursuant to 28 U.S.C. § 2465 or otherwise. If FFP, the Claimant Entities, and the Low Family, or any of them, submitted a petition for remission in any of the Actions, such petitions are hereby withdrawn, and FFP, the Claimant Entities, and the Low Family waive any rights they may have, individually or collectively, to seek remission or mitigation of the forfeiture of the Defendant Assets in any of the Actions.

23.     The Parties stipulate and agree that the government may request receipt of documents and/or information relating to the Defendant Assets for purposes of managing and liquidating the Defendant Assets, and that FFP and the Claimant Entities shall make good faith efforts to produce any such documents and/or information in their possession, or otherwise request that third-parties in possession of such documents and/or information make them readily available for the government's receipt, as set forth in the separate letter agreement dated October 30, 2019.

24.     The Parties stipulate and agree that the Court's entry of the respective [Proposed] Consent Judgment shall be the final and complete satisfaction of all claims asserted by the government and FFP, the Claimant Entities, and members of the Low Family as relates to the Actions.

25.     The Parties jointly acknowledge and agree that, as a condition precedent to the forfeiture of the Defendant Assets held in trusts, FFP shall petition the foreign courts in the relevant trust jurisdictions – New Zealand and/or Cayman Islands – for orders

known as "blessing orders" and other protective orders that would authorize FFP to
forfeit or otherwise distribute the Defendant Assets to the United States in accordance
with the orders of this Court.

26.    The Parties further acknowledge and agree that in effectuating the terms of
this Stipulation and the [Proposed] Consent Judgment of Forfeiture lodged
contemporaneously herewith, the Parties shall act in accordance with the laws and
regulations of the foreign jurisdiction(s) in which the relevant Defendant Assets are
located insofar as such laws and regulations are consistent with U.S. law.

27.    Should any dispute arise about the interpretation of or compliance with the
terms of this Stipulation, the Parties shall attempt in good faith to resolve any such
disputes. However, should the Parties be unable to resolve a dispute, either party may
move the Court to impose any remedy this Court deems necessary to enforce the terms
of this Stipulation and [Proposed] Consent Judgment.

28.    The Parties agree that this Stipulation is entered into for the sole purpose of
serving as a global comprehensive resolution agreement forever resolving the competing
interests of the Parties in the Actions, so as to avoid the expenses and risks associated

/ / /

/ / /

1  with continued litigation. Each of the Parties shall bear its own fees and costs in

2  connection with the Actions in a manner consistent with the terms of this Stipulation.

3

4  Dated: October 30, 2019             Respectfully submitted,

5
                                       DEBORAH CONNOR
6                                      Chief, MLARS
                                       NICOLA T. HANNA
7                                      United States Attorney

8
                                       _____/s/_____
9                                      JOHN J. KUCERA
10                                     Assistant United States Attorney
                                       WOO S. LEE
11                                     Deputy Chief, MLARS

12
                                       Attorneys for Plaintiff
13                                     UNITED STATES OF AMERICA

14

15
                                       _____/s/_____
16 Dated: October 30, 2019             EKWAN E. RHOW
                                       JEREMY D. MATZ
17                                     NAEUN RIM
                                       PATRICIA H. JUN
18                                     NITHIN KUMAR
                                       Bird, Marella, Boxer, Wolpert, Nessim,
19                                     Drooks, Lincenberg & Rhow, P.C.

20                                     Attorneys for FFP and the Claimant Entities
21                                     JW NILE (BVI) LTD.,

22
                                       _____/s/_____
23                                     ROBIN RATHMELL
                                       Kobre & Kim LLP
24 Dated: October 30, 2019
                                       Attorneys for the Low Family
25
                                       And on behalf of The Christie Law Firm LLC
26                                     and Lowenstein Sandler LLP, Attorneys for
                                       Low Taek Jho
27

28

14