UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>ANY RIGHTS TO PROFITS, ROYALTIES AND DISTRIBUTION PROCEEDS OWNED BY OR OWED RELATING TO EMI MUSIC PUBLISHING GROUP,<br><br>            Defendant.<br>_____<br>JW NILE (BVI) LTD.,<br><br>            Claimant. | No. CV 16-5364-DSF (PLAx)<br><br>**[PROPOSED] CONSENT JUDGMENT OF FORFEITURE**<br><br>[This Consent Judgment is case-dispositive] |

**I.      INTRODUCTION**

1.      Plaintiff United States of America ("United States" or "the government") and claimant JW Nile (BVI) Ltd ("Claimant") (collectively, together with certain non-claimants who have agreed to be bound by this Judgment[1], the "Parties") have made a

---

[1] The non-claimant parties to the Stipulation seeking entry of this Judgment are FFP (Cayman) Limited, FFP Trustee (NZ) Limited, and FFP (Directors) Limited, FFP (Corporate Services) Limited (collectively, "FFP"); the FFP-controlled claimants identified below (together with "FFP," the "Claimant Entities"); and beneficiaries Low

stipulated request for the entry of this Consent Judgment, which entry disposes of the entirety of this action.

2.       During 2016 and 2017, the government commenced thirty related civil forfeiture cases in the Central District of California, against a wide variety of real and personal property located in the United States and abroad, including defendant assets owned personally by members of the Low Family or by the Claimant Entities (collectively, the "Defendant Assets")[2], as set forth in further detail below.

3.       The United States initiated this civil forfeiture action on July 20, 2016. (Docket Number ("DN") 1).  A First Amended Complaint ("FAC") was filed on August 4, 2017.  (DN 140).  Notice was given and published according to law.  On October 31, 2016, Low Hock Peng, Goh Gaik Ewe, Low Taek Szen and Low May Lin filed a verified claim (DN 36), which claim was subsequently withdrawn on May 9, 2017.  (DN 129).  On December 22, 2016, EMI Music Publishing Management, LLC ("EMI") filed a verified claim in response to the Complaint (DN 80) and, on October 3, 2017, a verified claim in response to the FAC.  (DN 150).  EMI thereafter filed an answer to the FAC on October 24, 2017.  (DN 156).  On April 4, 2019, EMI withdrew its claims and answer.  (DN 177).  Pursuant to this Court's Order of March 21, 2017 (DN 122), claims were filed on March 24, 2017 by Claimant (DN 126, in response to the Complaint) and October 11, 2017 (DN 152, in response to the FAC).  On October 30, 2018, this Court entered an Order resolving all interests of EMI, and authorizing an interlocutory sale of

---

Hock Peng, Goh Gaik Ewe, Low May Lin, Low Taek Szen, and Low Taek Jho (collectively, the "Low Family").

[2] The Defendant Asset(s) in each case are either the *res* or the proceeds of the interlocutory sale of the *res* ("substitute *res*") as identified in further detail in the legal descriptions provided in the operative Complaints filed in each Action, and the Stipulations and Consent Judgments for each incorporate those descriptions by reference. The Defendant Assets are owned either personally by members of the Low Family, or by the Claimant Entities. FFP directly owns and/or controls each of the Claimant Entities either through a trust structure and/or shareholding(s) and/or directorship(s).

1  the defendant asset. (DN 172). Said sale resulted in net proceeds of $415,055,702.34,
2  which proceeds are currently in the custody of the United States Marshals Service as a
3  substitute res. (DN 173). JW Nile (BVI) Ltd. remains the sole claimant in this action,
4  and the time for filing claims and answers has expired.

5        4.     The Stipulations sought entry of Consent Judgments in each of the
6  following Actions, which would be case dispositive due to the lack of presence of other
7  claimants:

8          a.     *United States v. One Bombardier Global 5000 Jet Aircraft, Bearing
9  Manufacturer's Serial Number 9265 and Registration Number N689WM, its Tools and
10 Appurtenances, and Aircraft Logbooks*, CV 16-5367 DSF (PLAx) ("Bombardier Jet
11 Action"). The FFP-controlled claimant in this action is Global One Aviation (Global
12 5000) Ltd.

13          b.     *United States v. Real Property Located in New York, New York*, CV
14 16-5374 DSF (PLAx) ("Columbus Action"). The FFP-controlled claimant in this action
15 is 80 Columbus Circle (NYC) LLC.

16          c.     *United States v. Real Property Located in New York, New York*, CV
17 16-5375 DSF (PLAx) ("Greene Action"). The FFP-controlled claimant in this action is
18 118 Greene Street (NYC) LLC.

19          d.     *United States v. Real Property Located in Los Angeles, California*,
20 CV 16-5378 DSF (PLAx) ("Oriole Action"). The FFP-controlled claimant in this action
21 is Oriole Drive (LA) LLC.

22          e.     *United States v. Real Property in London, United Kingdom, owned by
23 Stratton Street (London) Ltd.*, CV 17-4240 DSF (PLAx) ("Stratton Action"). The FFP-
24 controlled claimant in this action is Stratton Street (London) Limited.

25          f.     *United States v. Real Property in London, United Kingdom, owned by
26 Seven Stratton Street (London) Ltd.*, CV 17-4242 DSF (PLAx) ("Seven Stratton
27 Action"). The FFP-controlled claimant in this action is Seven Stratton Street (London)
28 Ltd.

      g.    *United States v. Real Property in London, United Kingdom owned by Eight Nine Stratton Street (London) Ltd.,* CV 17-4244 DSF (PLAx) ("Eight Nine Stratton Action"). The FFP-controlled claimant in this action is Eight Nine Stratton Street (London) Ltd.

      h.    *United States v. Certain Rights and Interests in the Electrum Group,* CV 17-4447-DSF (PLAx) ("Electrum Action"). The FFP-controlled claimant in this action is JW Aurum (Cayman) GP Ltd.

      i.    *United States v. All Rights to and Interests in the Shares of Flywheel Common Stock Held or Acquired by FW Sports Investments LLC,* CV 17-4448 DSF (PLAx) ("Flywheel Action"). The FFP-controlled claimant in this action is FW Sports Investments LLC.

      j.    *United States v. Any Rights to Profits, Royalties and Distribution Proceeds Owned by or Owed to JW Nile (BVI) Ltd., JCL Media (EMI Publishing Ltd), and/or Jynwel Capital Ltd, Relating to EMI Music Publishing Group North America Holdings, Inc., and D.H. Publishing L.P.,* CV 16-5364 DSF (PLAx) ("EMI Publishing Action"). The FFP-controlled claimant in this action is JW Nile (BVI) Ltd.

5.    The Stipulations further sought entry of Consent Judgments in the following Actions, which would resolve all claims of FFP, the Claimant Entities, and members of the Low Family, but would not be case-dispositive due to the presence of other claimants not party to the Stipulations:

      a.    *United States v. The Real Property Known as The Viceroy L'Ermitage Beverly Hills,* CV 16-5368 DSF (PLAx) ("L'Ermitage Real Property Action"). The FFP-controlled claimant in this action is LBH Real Estate (Beverly Hills) LLC. The claimant not party to the Stipulation in this case is VHG Beverly Hills LLC.

      b.    *United States v. All Business Assets of The Viceroy L'Ermitage Beverly Hills, Including All Chattels and Intangible Assets, Inventory, Equipment, and All Leases, Rents and Profits Derived Therefrom,* CV 16-5369 DSF (PLAx) ("L'Ermitage Business Assets Action"). The FFP-controlled claimants in this action are

LBH Real Estate (Beverly Hills) LLC; JW Hospitality (VHG US) LLC; and JW Hospitality (VHG Intl) Ltd.  The claimant not party to the Stipulation in this case is VHG Beverly Hills LLC.

      c.    *United States v. Certain Rights to and Interests in The Viceroy Hotel Group,* CV 17-4438 DSF (PLAx) ("VHG Action").  The FFP-controlled claimants in this action were JW Hospitality (VHG US) LLC and JW Hospitality (VHG Intl) Ltd.  The claimant not party to the Stipulation in this case is Mubadala Development Company PJSC.

    6.    Lastly, the Stipulations have noted that – although the following cases have been resolved – they are nonetheless considered part of the global, comprehensive resolution reached in the Stipulations:

      a.    *United States v. All Right and Title to the Yacht M/Y Equanimity,* CV 17-4441 DSF (PLAx) ("Equanimity Action"). The FFP-controlled claimants in this action were Equanimity (Cayman) Ltd.; Equanimity Crew (Cayman) Ltd.; Equanimity Lifestyle (Cayman) Ltd.; and Equanimity Operations & Maintenance (Cayman) Ltd. The case was dismissed without prejudice by joint stipulation of the parties.

      b.    *United States v. All Right to and Interest in Symphony CP (Park Lane) LLC, Held or Acquired, Directly or Indirectly, by Symphony CP Investments LLC and/or Symphony CP Investments Holdings LLC, Including Any Interest Held or Secured by the Real Property and Appurtenances Located at 36 Central Park South, New York, New York, Known as The Park Lane Hotel, Any Right to Collect and Receive Any Profits and Proceeds Therefrom, and Any Interest Derived From the Proceeds Invested in The Symphony CP (Park Lane) LLC by Symphony CP Investments LLC and Symphony CP(Park Lane) LLC,* CV 16-5370 DSF (PLAx) ("Park Lane Action"). The FFP-controlled claimants in this action were 36 CPS Condos (NYC) LLC; 36 CPS Luxury Hotel (NYC) Limited; 36 CPS Parking (NYC) Limited; and 36 CPS Residential Sales (NYC) Limited.  The FFP-controlled claimants withdrew their claims, and a consent judgment of forfeiture was entered by the Court thereafter.

## II. FINDINGS

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

### Jurisdiction

7. For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and over the subject matter of the actions set forth in Paragraphs 4 and 5 (collectively, the "Actions"). The government has given and published notice of this Action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. If taken as true, the allegations set out in the operative complaint are sufficient to state a claim for forfeiture of the Defendant Asset. All potential claimants to the Defendant Asset other than FFP, the Claimant Entities, and the Low Family, are deemed to have admitted the allegations of the Complaint.

8. This Consent Judgment does not constitute a finding of guilt, fault, liability and/or any form of wrongdoing on the part of FFP, the Claimant Entities, or the Low Family. Furthermore, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, shall be bound by the terms of this Consent Judgment and the doctrines of *res judicata* and collateral estoppel. The entry of this Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Defendant Asset(s) as they relate to FFP, the Claimant Entities, or members of the Low Family, arising from any acts or omissions alleged in the Actions, or any of them. Nothing in this Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Assets. The Defendant Asset(s) in this Action shall be disposed of as provided herein, except that where a Defendant Asset is subject to a pre-existing order for interlocutory sale (the "Order(s) for Interlocutory Sale"), such order shall govern that interlocutory sale, and this Consent Judgement shall not abrogate or nullify the sales

1 terms and procedures defined by an Order for Interlocutory Sale, or any underlying contracts or agreements entered into to effectuate those sales terms and procedures, unless otherwise agreed to in writing by the Parties.

### Disposition of Forfeited Defendant Asset(s)/Substitute *Res*

9. Upon entry of this Consent Judgment, all right, title, and interest of FFP, the Claimant Entities, and the Low Family concerning the Defendant Asset(s) shall immediately be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment, and with the exception of the Defendant Assets in the Stratton Action, the Seven Stratton Action, and the Eight Nine Stratton Action (collectively, the "Stratton Actions"), which shall not be deemed forfeited until February 29, 2020, subject to Paragraph 10 below.

10. Where a Defendant Asset in the Stratton Actions is sold to a third party in an interlocutory sale prior to February 29, 2020, the proceeds of such sale shall be considered forfeited as the substitute *res* for the Defendant Asset in that Stratton Action on the date the sale is completed. A sale shall be considered "completed" after (1) the sales proceeds have been released from escrow, and (2) the sales proceeds have been distributed in accordance with the terms of the applicable Order(s) for Interlocutory Sale.

11. Upon entry of a Consent Judgment in any of the Oriole Action, the Greene Action, or the Columbus Action, any pre-existing contracts that FFP and/or the Claimant Entities have entered into with third parties in relation to the sale of those Defendant Assets shall be terminated, and new contracts with substantially similar material terms executed between the government and those third parties will govern.

12. Any and all monetary proceeds from income ("Income Proceeds") generated from the operations and business activities of the Defendant Assets in the Greene Action, the Columbus Action, the L'Ermitage Real Property Action, the L'Ermitage Business Assets Action, and the Stratton Actions (collectively the "Income Property Actions"), including but not limited to rental income and/or income from hotel operations, shall be paid to and retained by the government for payments or

reimbursement of any taxes or liabilities becoming due on said Income Proceeds prior to forfeiture, from the respective filing dates of each Income Property Action through the date of entry of the Stipulation in the applicable Action. For the avoidance of doubt, in no event will the United States be liable for the payment of any tax liabilities that exceed the amount of the Income Proceeds unless pursuant to a separate court order.

**Released Funds**

13. The government shall release of the sum of USD 15,000,000.00, without interest (the "Released Funds"), as described below.

14. The Released Funds shall be drawn from a portion of the funds held in escrow in the EMI Publishing Action ("EMI Proceeds"), and shall be transferred to accounts as directed by Kobre & Kim LLP, The Christie Law Firm LLC, and Lowenstein Sandler LLP, which shall provide any reasonable information required, including personal identifiers required by federal law or regulation to facilitate payment, and complete all documents required to facilitate such payment. The payment of the Released Funds shall be made as soon as reasonably practicable, and in any event before the later of (i) 30 days after the entry of Consent Judgments in all of the Actions listed in paragraphs 4 and 5, above; (ii) 30 days after the government's receipt of the information needed to make the payment (including the necessary identifiers and bank account and routing information); or (iii) 14 days after the granting of the Cayman court petition as referenced in Paragraph 21 below.

15. The Released Funds shall be applied in their entirety solely to pay for the Low Family's outstanding legal fees and costs relating to the Actions. Under no circumstances shall the Released Funds be remitted and/or credited back by counsel, either in whole or in part, directly or indirectly, to FFP, the Claimant Entities, or the Low Family. For the avoidance of doubt, the application, and/or use of the Released Funds as payment of legal fees and costs relating to the Actions listed in paragraphs 4 and 5, above, including for use as payment of future legal fees and costs incurred on behalf of the Low Family to implement this Consent Judgment, shall not itself be considered a

remittance, credit, and/or benefit whatsoever, directly or indirectly, to FFP, the Claimant Entities, or the Low Family. Violation of this term shall constitute a material breach of this Consent Judgment and, notwithstanding any other provision of this Consent Judgment, shall entitle the government to seek, and this Court to impose, any remedy or sanction authorized by law or equity.

16.   With the exception of the foregoing conditions, and consistent with the doctrines of *res judicata* and collateral estoppel, the entry of this Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the Released Funds or any interest earned on the Released Funds as they relate to FFP, the Claimant Entities, or members of the Low Family, arising from any acts or omissions alleged in the Actions, or any of them.

17.   Furthermore, and with the exception of the aforementioned conditions, upon entry of this Consent Judgment, neither the U.S. Attorney's Office for the Central District of California nor the United States Department of Justice, Criminal Division, shall now or in the future institute any action against Kobre & Kim LLP, The Christie Law Firm LLC, or Lowenstein Sandler LLP, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released Funds, or any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds and preceding the date of receipt of the Released Funds.

## Other Terms

18.   FFP, the Claimant Entities, and the Low Family shall not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial, or criminal judicial -- of any of the Defendant Assets against which forfeiture is sought in connection with the acts alleged in the operative complaints in the Actions. Upon request of the government, FFP, the Claimant Entities, and the Low Family shall reasonably cooperate with the government in endorsing the effectiveness of this Consent Judgment and the Stipulation when responding to any claims contesting the forfeiture of the Defendant Assets, including the disposition thereof, and in connection with any

disputes relating to the operation and maintenance of the Defendant Assets concerning or during the period prior to the date of the Stipulation.  The Parties shall reasonably cooperate to effectuate the forfeiture of additional assets at issue in *United States v. One Pen and Ink Drawing by Vincent Van Gogh, etc., et al.*, CV 16-5366-DSF (PLAx); *United States v. One Painting Entitled "Nature Morte au Crane de Taureau" by Pablo Picasso, et al.*, CV 17-4443-DSF (PLAx); *United States v. One Pair of Diamond Earrings and Matching Diamond Ring*, CV 17-4449-DSF (PLAx); and *United States v. One 18-Carat White Gold Diamond Jewelry Set; et al.*; CV 17-4445.

19. The following shall not be a breach of the foregoing clauses: (1) asserting defenses in any actions brought against FFP, the Claimant Entities, or members of the Low Family by third parties seeking to recover any of the Defendant Assets (or any substitute *res*) following the Court's entry of applicable Consent Judgments, or any of them; and (2) judicially mandated compliance by FFP, the Claimant Entities, and/or members of the Low Family with valid subpoenas ad testificandum, subpoenas duces tecum, or otherwise lawful compulsion orders. Nothing in this Consent Judgment shall require FFP, the Claimant Entities, or members of the Low Family to waive attorney-client privilege, the work product doctrine, or any other privilege, immunity, or statutory or constitutional right or protection.

20. The government may request receipt of documents and/or information relating to the Defendant Assets for purposes of managing and liquidating the Defendant Assets, and FFP and the Claimant Entities shall make good faith efforts to produce any such documents and/or information in their possession, or otherwise request that third-parties in possession of such documents and/or information make them readily available for the government's receipt in accordance with the Letter Agreement entered into by FFP and the government dates October 30, 2019.

21. With respect to Defendant assets held in trusts, FFP shall petition the foreign courts in the relevant trust jurisdictions – New Zealand and/or Cayman Islands – for orders known as "blessing orders" and other protective orders that would authorize

1. FFP to forfeit or otherwise distribute the Defendant Assets to the United States in accordance with the orders of this Court.

22. In effectuating the terms of this Consent Judgment, the Parties shall act in accordance with the laws and regulations of the foreign jurisdiction(s) in which the relevant Defendant Assets are located insofar as such laws and regulations are consistent with U.S. law.

23. Should any dispute arise about the interpretation of or compliance with the terms of this Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the parties be unable to resolve this dispute, the Parties may move this Court to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

24. Each of the Parties shall bear its own fees and costs in connection with these Actions in a manner consistent with the terms of this Consent Judgment.

Dated: _____, 2019    _____
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DEBORAH CONNOR
Chief, MLARS

NICOLA T. HANNA
United States Attorney

     /s/
_____
JOHN J. KUCERA
Assistant United States Attorney
WOO S. LEE
Deputy Chief, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA